DIANE J. HUMETEWA
United States Attorney
District of Arizona

Reid C. Pixler
Assistant U.S. Attorney
Arizona State Bar No. 12850
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
reid.pixler@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,

Plaintiff,

Vs.

$93,110.00 in U.S. Currency,

Defendant.

CV-08-1499-PHX-LOA

**Joint Case Management Report**

NOW COMES plaintiff, the United States of America, by and through its attorneys, Diane J. Humetewa, United States Attorney for the District of Arizona, and Reid C. Pixler, and Richard B. Jones, counsel for Elsa Bernal and submit the attached Report as Ordered.

Respectfully submitted this 16th day of October, 2008.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

/s/ Richard B. Jones

RICHARD B. JONES
Counsel for Claimant

/s/ Reid C. Pixler

REID C. PIXLER
Assistant U.S. Attorney

**Joint Case Management Report**

A. **Issues related to jurisdiction, venue, or joinder:** None. Claimant has not asserted that she acts for any principal in seeking the return of the seized funds. She has alleged she is the sole owner of the funds and no other individual has any interest or expectation in the *res*. Therefore, all necessary parties are before the Court.

B. **Plaintiff's claim**: The funds raised to pay the ransom demanded are proceeds of criminal conduct, to wit: proceeds of alien trafficking and/or proceeds of drug trafficking. The currency crossed the border without declaration. Those involved in the kidnaping of Pedro, an alien trafficker from a competing criminal enterprise, demanded a large sum of funds from the criminal enterprise with which he was associated in order to purchase his release. Claimant is at least partially supported by Pedro with proceeds of his criminal conduct. Claimant could never raise the sum demanded as ransom without substantial contribution of funds from the trafficker enterprise which employed Pedro. During the course of attempting to comply with the demands from the kidnapers, claimant transported the *res* from Arizona into Mexico and back into Arizona while concealed on her person and/or in her automobile; directed others to transport the *res* from Arizona into Mexico and back into Arizona while concealing the *res*; and/or received or aggregated the *res*, which had been transported into the United States, knowing the required Currency and Monetary Instrument Report (CMIR) was not submitted each time the funds crossed the border. Claimant also alleged she structured the transportation of the *res* across the Arizona - Mexico border in such a manner that the sum required exceeded the $10,000 amount required to be reported, but the individual amounts were less than $10,000, in order to avoid filing of the required CMIR form.

**Claimant's claim**: In response to urgent need to raise funds to satisfy a kidnaping ransom demand, and working with police to monitor the demands and in anticipation of a controlled delivery of the ransom, claimant raised funds from several sources including her own resources

and loan proceeds from others. All these funds were raised in Mexico, converted to U.S. currency there, and then imported into the United States without declaration at the port of entry.

C. **Pretrial schedule:** See D

D. **Modification of Pretrial Procedures:** Due to agreement on threshold issue and agreement that most facts will be presented by stipulation, discovery can be significantly abbreviated and litigation will be limited to agreed upon issues.

E. **Other matters:** None

F. **Joint Case Management Report to Court:**

1. **The Nature of the case**: This is a federal civil forfeiture action.

a. **Plaintiff's** theory is the *res* is proceeds of criminal conduct, essentially part of the funds are proceeds of a conspiracy to illegally transport aliens into the United States and part of the funds appear to be connected to trafficking in drugs. All of the *res* has been involved in multiple trips across the U.S./Mexico Border without the required filing of declarations regarding the currency called CMIR forms. All of the activity supports forfeiture under a collection of forfeiture statutes. Plaintiff has filed a Motion for Judgment on the Pleadings, based upon admissions made in the Answer.

b. **Claimant** admits the *res* crossed the border and the required CMIR forms were not filed. In her Answer she asserts she is an innocent owner of the funds pursuant to 18 U.S.C. 983(d)(1) & (3). However, this defense does not address the claims by plaintiff regarding bulk cash smuggling and required CMIR declarations. Claimant asserts forfeiture of the entire *res* is an unconstitutionally excessive fine.

c. **Factual and Legal issues**: The parties are in agreement that the seized currency is forfeitable under either or both of the following theories of forfeiture.

•Failure to report importation of currency. 31 U.S.C. §5316(a)(2) and §5317(c)(2).

•Bulk cash smuggling. 31 U.S.C. §5332(a)(1) and (c).

The parties agree the legal issue which must be resolved is a review as to the breadth of any forfeiture order pursuant to 18 U.S.C. §983(g) Proportionality and the Excessive Fines Clause. This analysis may involve both legal and factual determinations. The threshold issue is solely a question of law: whether a civil action based on bulk cash smuggling may constitutionally allow the forfeiture of all the funds involved. If the Court finds the entire *res* may be constitutionally forfeited, a proportionality determination is not required. Otherwise, a fact based proportionality determination is needed under 18 U.S.C §983(g) and *United States v. Bajakajian*, 524 U.S. 321 (1998). The full extent of formal discovery required will be apparent once the Court makes its ruling on this critical issue.

3. **Venue and Jurisdiction** is based upon 21 U.S.C. § 881(j), 28 U.S.C. § 1355(b) and § 1395. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345; 1355; and 18 U.S.C. § 981 (h), because the defendant was found in this district. Specific statutes critical to the analysis are 31 U.S.C. §5316(a)(2) and §5317(c)(2), 31 U.S.C. §5332(a)(1) and (c), 18 U.S.C §983(g).

4. **Parties not served:** No additional parties to be served.

5. **Pretrial Dispositive or Partially dispositive Motions:** Motion for Judgment filed Sept. 19, 2008 (Dkt# 17) is dispositive regarding the issue of forfeitability on the grounds referred to in F(2) above. The parties will agree on an order regarding forfeitability of the *res*, subject to the resolution of any questions from the Court.

The Court must rule regarding whether proportionality applies to a forfeiture based on bulk cash smuggling. The parties propose submitting briefs directed to this legal issue,

based upon the above referenced stipulated order, according to a schedule approved by the Court.

6. **Related Cases:** There are no related cases.

7. **Discovery limitations:** No discovery is needed prior to the entry of an Oder regarding the forfeitability or the entire *res*.

8. **Initial Disclosures by parties:** Initial disclosure are not required prior to entry of an Order regarding the forfeitability of the *res*, as noted above.

9. (a) **Filing Deadlines:** No response is necessary as to Plaintiff's Motion to Dismiss (#17). Rather, the parties agree that a stipulation regarding forfeiture be lodged no later than __________________.[1/] No other pleadings or motions shall be filed other than as Ordered by the Court within the general structure of this agreement.

(b) **Expert disclosures:** Experts witnesses would not be necessary unless and until the court finds a need for a proportionality hearing. Should discovery be allowed, expert witness testimony must be disclosed within thirty (30) days of the initial discovery deadline. Depositions or interviews must be held within the following thirty (30) days, unless extended by the Court.

(c) **Completing discovery:** As noted above, the initial discovery deadline must await a ruling by the Court, and may not be required.

(d) **Schedule of Dispositive Motions:** Within 30 days of the entry of the initial order of forfeiture, claimant shall file the Proportionality Petition, as contemplated in 18 U.S.C. §983(g), specifically including all issues regarding the whether the forfeiture of the entire *res* is unconstitutional. Plaintiff shall have 30 days from the date of receipt of the petition to file a Response. Claimant may Reply within 10 days of the receipt of the Response.

---

[1/] The parties would appreciate the opportunity to discuss with the Court whether the Order should be drafted by the parties or whether the Court will issue the Order based upon the representations included herein. Whether a time line is required and how long should be required should be addressed by the Court.

(e) **Pretrial Statement filing date**: This report does not contemplate a trial. A pretrial statement would only be necessary in the event the Court cannot resolve all dispositive issues even after the consideration of cross motions for summary judgement after discovery regarding ownership of the funds and issues identified by the Court as related to proportionality. In the unlikely event this occurs, the parties and the Court can agree on a new date for the preparation of a pretrial statement.

(f) **Dates for trial and pretrial conference**: See (e) above.

10. **Trial length:** A trial is not likely to be necessary, as the approach is to resolve critical legal issues on essentially stipulated facts.

11. **Jury trial:** Not requested.

12. **Settlement:** This issue can only be addressed once the legal issue of Proportionality is resolved by the Court.

13. **Unusual:** There is very little case law interpreting the primary statute at issue.

14. **Other matters:** Nothing other than issues contemplated herein.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Elsa Bernal
c/o Richard B. Jones
273 South Scott Avenue
Tucson, Arizona 85701
richard.b.jones@azbar.org

By: s/Regina Spurlock