**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CV-08-1499-PHX-LOA |
| | ) | |
| Plaintiff, | ) | **JUDGMENT AND** |
| | ) | **ORDER OF FORFEITURE** |
| vs. | ) | |
| | ) | |
| $93,110.00 in U.S. Currency, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Elsa Bernal, | ) | |
| Claimant. | ) | |
| _____ | ) | |

This Judgment and Order of Forfeiture having been approved as to form and content by Government's and Claimant's counsel, docket # 21, there is pending before the Court Plaintiff's uncontested Motion for Judgment on the Pleadings, pursuant to Fed.R.Civ.P 12(c), filed on September 18, 2008. (docket # 17) The Court has considered the subject Motion and the following:

      1. Verified Complaint For Forfeiture *In Rem*, filed August 14, 2008;

      2. Warrant For Arrest *In Rem*, filed by the Court on August 21, 2008;

      3. The Answer filed by Claimant on August 25, 2008; and

      4. The Joint Case Management Report filed by both parties on October 16, 2008, which contains stipulations, incorporated herein, and an explanation as to why Claimant did not oppose Plaintiff's pending Motion.

1  Venue and jurisdiction are predicated upon 21 U.S.C. § 881(j), 28 U.S.C. §
2  1355(b) and § 1395. This District Court has jurisdiction over this matter by virtue of 28
3  U.S.C. §§ 1345, 1355, and 18 U.S.C. § 981(h) because the Defendant *res* was found in this
4  District. Specific statutes critical to the analysis are 31 U.S.C. §5316(a)(2) and §5317(c)(2),
5  31 U.S.C. §5332(a)(1) and (c), and 18 U.S.C. §983(g). All parties have heretofore consented
6  to magistrate- judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 8 and # 9)

7  Nature of the case: This is a federal civil forfeiture action seeking the forfeiture
8  of a *res* in the amount of approximately $93,110.

9  Plaintiff's claim: The *res* in this case is currency raised to pay the ransom
10 demanded from the kidnappers of "Pedro" and are proceeds of criminal conduct, to wit:
11 proceeds of alien trafficking and/or proceeds of drug trafficking. The currency crossed the
12 border without declaration. Those involved in the kidnaping of Pedro, an alien trafficker from
13 a competing criminal enterprise, demanded a large sum of funds from the criminal enterprise
14 with which he was associated in order to purchase his release. Claimant is, at least, partially
15 supported by Pedro with proceeds of his criminal conduct. Claimant could never raise the
16 sum demanded as ransom without substantial contribution of funds from the trafficking
17 enterprise which employed Pedro. During the course of attempting to comply with the
18 kidnapers' demands, Claimant transported the *res* from Arizona into Mexico and back into
19 Arizona while concealed on her person and/or in her automobile; directed others to transport
20 the *res* from Arizona into Mexico and back into Arizona while concealing the *res*; and/or
21 received or aggregated the *res*, which had been transported into the United States, knowing
22 the required Currency and Monetary Instrument Report ("CMIR") was not submitted each
23 time the funds crossed the border. Claimant also alleged she structured the transportation of
24 the *res* across the Arizona-Mexico border in such a manner that the sum required exceeded
25 the $10,000 amount required to be reported, but the individual amounts were less than
26 $10,000, in order to avoid filing of the required CMIR form.

27 Plaintiff's theory is the *res* is proceeds of criminal conduct, essentially part of
28 the funds are proceeds of a conspiracy to illegally transport aliens into the United States and

1 part of the funds appear to be connected to trafficking in drugs. All of the *res* has been
2 involved in multiple trips across the U.S./Mexico Border without the required filing of
3 declarations regarding the currency referred to as CMIR forms. All of the activity supports
4 forfeiture under a collection of forfeiture statutes.  Plaintiff has filed a Motion for Judgment
5 on the Pleadings, based upon admissions made in the Answer. These admissions relate to the
6 movement of the currency across the United States-Mexico border.

7 Claimant's claim: In response to the urgent need to raise funds to satisfy a
8 kidnapers' ransom demand, and working with police to monitor the demands and in
9 anticipation of a controlled delivery of the ransom, Claimant raised funds from several
10 sources including her own resources and loan proceeds from others.  All these funds were
11 raised in Mexico, converted to U.S. currency there,  and then imported into the United States
12 without declaration at the port of entry.

13 Claimant admits the *res* crossed the border and the required CMIR forms were
14 not filed. In her Answer, she asserts she is an innocent owner of the funds pursuant to 18
15 U.S.C. 983(d)(1) & (3). However, this defense does not address the claims by Plaintiff
16 regarding bulk cash smuggling and required CMIR declarations.  While Claimant denies the
17 funds are proceeds of alien smuggling or drug trafficking, she acknowledges the claim of
18 innocent owner cannot be dispositive regarding the movement of currency across the border
19 at her direction and with her assistance and participation. Claimant acknowledges it is
20 possible the entire *res* can be ordered forfeited.  However, Claimant asserts forfeiture of the
21 entire *res* is an unconstitutionally excessive fine.  A petition to contest the constitutionality
22 of the forfeiture of the entire *res* can only be filed after entry of this Judgment.

23 Factual and Legal issues:  The parties agree the seized currency is forfeitable
24 under either or both of the following theories of forfeiture: (1) Failure to report importation
25 of currency: 31 U.S.C. §5316(a)(2) and §5317(c)(2); and/or (2) Bulk cash smuggling: 31
26 U.S.C. §5332(a)(1) and (c).

27 The parties agree the legal issue which must be resolved is a review as to the
28 breadth of any forfeiture order pursuant to 18 U.S.C. § 983(g), Proportionality and the

1 Excessive Fines Clause. This analysis may involve both legal and factual determinations. The
2 threshold issue is solely a question of law: whether a civil action based on bulk cash
3 smuggling may constitutionally allow the forfeiture of all the funds involved. If the Court
4 finds the entire *res* may be constitutionally forfeited, a proportionality determination is not
5 required. Otherwise, a fact based proportionality determination is needed under 18 U.S.C
6 §983(g) and *United States v. Bajakajian,* 524 U.S. 321 (1998).  The full extent of formal
7 discovery required will be apparent once the Court makes its ruling on this critical issue.

8 Based upon the forgoing,

9 **IT IS ORDERED** that Plaintiff's Motion for Judgment on the Pleadings,
10 docket # 17, filed on September 18, 2008, is **GRANTED**.

11 **IT IS FURTHER ORDERED** that the Defendant *res* in this action,
12 $93,110.00 in U.S. currency transported across the United States-Mexico Border in violation
13 of the Bulk Cash Smuggling Act, is hereby forfeited to the United States pursuant to 31
14 U.S.C. §5332(a)(1) and (c).

15 **IT IS FURTHER ORDERED** that the *res* is also currency for which no
16 Currency and Monetary Instrument Report was filed when Claimant transported the
17 currency across the United States-Mexico Border in violation of 31 U.S.C. §5316(a)(2) and
18 §5317(c)(2) and is also forfeited to the United States.

19 **IT IS FURTHER ORDERED** that the United States Marshals Service shall
20 delay disposing of the forfeited *res* pending further order of the Court, including after the
21 resolution of the issues identified herein, specifically, any Petition filed by Claimant seeking
22 to reduce or eliminate the forfeiture of the *res* pursuant to 18 U.S.C. § 983(g).

23 **IT IS FURTHER ORDERED** that, unless extended by court order upon
24 stipulation and for good cause shown, within **sixty (60) days** of the entry of this Judgment
25 and Order of Forfeiture, Claimant shall file her Proportionality Petition, as contemplated in
26 18 U.S.C. § 983(g), including therein all issues regarding the whether the forfeiture of the
27 entire *res* is unconstitutional.  Plaintiff shall have **thirty (30) days** from the date of filing and
28 service of the Petition to file a Response. Claimant may file an optional Reply within **fifteen**

1  **(15) days** of filing and service of the Response. The Court will determine whether an
2  evidentiary hearing is necessary after its review of the parties' briefings.
3      Dated this 19th day of November, 2008.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge