**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CV-08-1499-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| $93,110.00 in U.S. Currency, | ) | |
| Defendant. | ) | |
| Elsa Bernal, | ) | |
| Claimant. | ) | |

This case arises on the Government's Status Report and Motion for Extension of Discovery Deadline. (docket # 46) The Government requests a six-month extension of the deadlines for supplementation of discovery and completion of discovery until a response is received from the Central Authority of Mexico regarding the Mutual Legal Assistance Treaty ("MLAT"). (*Id.* at 1) Government's counsel indicates he has conferred with Claimant's counsel who has no objection to the requested extensions. (*Id.* at 3)

**I. Background**

The docket reflects that this civil forfeiture action, which seeks the forfeiture of approximately $93,110.00, was filed on August 14, 2008, nearly two years ago. (docket # 1) After the parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), the Government's Motion for Judgment on the Pleadings was granted on

November 20, 2008. (docket # 22) On January 13, 2009, Claimant filed her Proportionality Petition, pursuant to 18 U.S.C. § 983(g), contending that the forfeiture of the entire *res* is unconstitutional as a violation of Excessive Fines Clause of the Eighth Amendment of the U.S. Constitution, contrary to *United States v. Bajakajian,* 524 U.S. 321 (1998) and other non-controlling authorities, *e.g.*, *United States v. $293,316 in U.S. Currency*, 349 F.Supp.2d 638 (E.D.N.Y. 2004). (docket # 24) The Government disagrees and seeks forfeiture of the entire *res* pursuant to the Bulk Cash Smuggling Act, 31 U.S.C. § 5332, a Congressional reaction to *Bajakajian*, relying, in part, on *United States v. $273,9696.04 in U.S. Currency*, 164 F.3d 462, 466 (9th Cir. 1999). (docket # 25 at 6)

On May 8, 2009, the Court found that *Bajakajian* applies to this action and ordered the parties to engage in meaningful discovery so that an evidentiary hearing could be conducted to resolve disputed material issues of fact and credibility issues and a determination made whether forfeiture of the entire *res* would violate the Eighth Amendment, and, if so, the amount of the *res* to be proportionally forfeited. (docket # 29) At a Rule 16 scheduling conference, mutually-agreeable deadlines were established for, among others, disclosure of all witnesses, exhibits and other matters under Rule 26(a)(3), Fed. R. Civ. P.; supplementation of all discovery pursuant to Rule 26(e), Fed. R. Civ. P., by Friday, July 9, 2010; and completion of all discovery by August 10, 2010. At the Rule 16 scheduling conference and in the Order itself, the Court made clear that "[t]hese **deadlines are firm and real** . . .[and] [c]ontinuances of these deadlines may be granted only upon a showing of good cause and by leave of the assigned trial judge[,]" citing *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("[F]ederal Rule of Civil Procedure 16 is to be taken seriously[ ]"). (docket # 32 at 2)

**II. Pending Motion**

The Government requests an extension of the August 10, 2010 discovery completion deadline to February 11, 2011, only six months before the 3-year filing anniversary of this case and well beyond the 18-month trial guideline recommended by Congress in the Civil Justice Reform Act of 1990. See, 28 U.S.C. § 473(a)(2)(B). The

Government's counsel outlines the "significant challenges" the United States is encountering to obtain formal discovery in the Republic Mexico.

> [B]ecause the alleged source of the res is in Mexico, the discovery provided by claimant must be verified pursuant to a [MLAT] request[ ]. The MLAT process is the only procedure which allows the collection of evidence in Mexico by the United States. The MLAT request must be sent to the Office of International Affairs (OIA) in Washington, D.C. which, through the OIA Attorney assigned to Mexico, prepares the formal request and forwards it to Mexico. Plaintiff has no control over the procedure and it is unknown how long the process will take.

(docket # 46 at 1) Counsel indicates "[a]ll data requested by OIA was submitted in draft form on September 1, 2009. The formal MLAT request was sent to Mexico on March 25, 2010." (*Id.*) No explanation is given why it took six months from submitting the data to OIA and making the formal MLAT request. Nevertheless, counsel represents he has "maintained contact with OIA and made numerous inquiries regarding the status of the request . . . made two trips to Mexico in furtherance of the MLAT request . . . [and] has had several conversations with Mexican officials and U.S. officials at the Embassy in an effort to move things along quickly." (*Id.* at 2) "Assurances have been provided by the head of SIEDO that the requests contained in the MLAT will be undertaken." Plaintiff's counsel further states that "[t]he Mexican government is in the process of collecting the evidence in furtherance of this investigation, but cannot complete those requests in time for Plaintiff to [comply with] the deadline of July 9, 2010. It is also unlikely that the formal response to the MLAT will be available by August 20, 2010." (*Id.*) He does confirm that all other discovery has been completed. (*Id.*)

**III. Discussion**

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Rule 16(b)(4) provides that a district court's scheduling order "may be modified only for good cause and with the judge's

consent." Rule 16(b)(4), Fed.R.Civ.P. A party demonstrates good cause for modifying a scheduling order by showing that, despite the exercise of due diligence, "[the scheduling order's deadlines] cannot reasonably be met." *Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (holding that party failed to demonstrate good cause where a continuance was requested four months after the scheduling order was issued, and plaintiff was not diligent in complying with the Rule 16 schedule) (quoting *Johnson*, 975 F.2d at 609)). If the party seeking a modification of the scheduling order's deadlines did not exercise diligence, then the motion for modification should be denied. *Id.*; also see, *Grissom v. Freeport-McMoran Corp.*, 2010 WL 342585, \* (D.Ariz. 2010) (*pro se* plaintiff failed to show that she was unable to meet the expert disclosure deadline through an exercise of reasonable diligence, therefore, motion was denied). The Government's citation to 18 U.S.C. § 3292(a)(1) dealing with the tolling of the statute of limitations for a criminal offense when "evidence of an offense is in a foreign country" is neither controlling nor applicable when a party seeks a modification of a Rule 16 scheduling order in a civil forfeiture action.

    The Court finds that the Government's counsel has exercised diligence in attempting to meet the July 9, 2010 supplementation deadline and the August 20, 2010 discovery completion deadline and good cause exists to grant a one-time extension of these deadlines. The discovery in Mexico the United States seeks to take is totally dependent on the MLAT process which purportedly is the only procedure which allows the collection of evidence in Mexico by the United States. Because the Government's discovery request may ultimately be denied by the Mexican government or more delay with the MLAT process may further unreasonably stall the resolution of this case beyond the requested six-month extension, the Court will not grant any further extensions to enable the Government to complete its discovery in Mexico.

    **IT IS ORDERED** that Plaintiff's Motion for Extension of Discovery Deadline, docket # 46, as to discovery requested by Plaintiff *via* the MLAT process, is **GRANTED.**

- 4 -

1     **IT IS FURTHER ORDERED** that the June 11, 2009 Scheduling Order is
2 modified as follows only:
3     1. Except for impeachment evidence, disclosure of all known witnesses,
4 exhibits and other matters under Rule 26(a)(3), Fed.R.Civ. P. and supplementation of all
5 discovery pursuant to Rule 26(e), Fed.R.Civ. P., shall be made by **Friday, January 14,**
6 **2011**.
7     2. Completion of all discovery: **Friday, February 18, 2011**.
8     **IT IS FURTHER ORDERED** that there will be no further extensions to
9 allow the Government or Claimant to complete discovery.
10     Dated this 12th day of July, 2010.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge