**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,            )<br>                                                    )<br>                          Plaintiff,    )<br>                                                    )<br>vs.                                               )<br>                                                    )<br>$93,110.00 in U.S. Currency,        )<br>                                                    )<br>                          Defendant.  )<br>_____)<br>                                                    )<br>Elsa Bernal,                              )<br>                          Claimant.    )<br>_____)  | CV-08-1499-PHX-LOA<br><br>**ORDER** |

This case arises on a second Status Report and Stipulation for Extension of Discovery Deadline which the Court construes as a joint motion to extend the Rule 16 deadlines. (Doc. 49) The Government requests another six month extension of the deadlines for supplementation of discovery and completion of discovery. The Status Report indicates the significant challenges the Government is experiencing in obtaining formal discovery in Mexico.

> [B]ecause the alleged source of the *res* is in Mexico, the discovery provided by claimant must be verified pursuant to a Mutual Legal Assistance Treaty request (MLAT). The MLAT process is the only procedure which allows the collection of evidence in Mexico by the United States. That is, no agents of the United States can conduct any investigation nor collect evidence in the Republic of Mexico without the direct involvement of representatives of the Mexican Government, specifically including the representatives of the Attorney General of Mexico. The MLAT request was required to be sent to the Office of International Affairs (OIA) in Washington, D.C. The OIA Attorney assigned to Mexico, prepared the formal request, submitted the draft for approval through the appropriate offices at OIA, and subsequently made

revisions.

(*Id.* at 1)

Plaintiff's counsel informs the Court that this process required six months before the MLAT was sent to Mexico and "the delay was related to the complexity of the request, the volume of similar requests coordinated through the OIA; the staff shortage and lack of resources of that unit, and heightened level of formality required by a Mutual Legal Treaty Request." (*Id.* at 1-2)  Plaintiff's counsel indicates he has "had no control over the procedure and could do nothing more to accelerate the process." (*Id.* at 2)  However, he notes that on two separate occasions, he "has been assured documents are in the process of being submitted in response to the MLAT and will be submitted prior to February 18, 2011." (*Id.*)

Federal Rule of Civil Procedure 16(b)(4), Fed.R.Civ.P., mandates that the scheduling order "may be modified only for *good cause* and with the judge's consent." Rule 16(b)(4), Fed.R.Civ.P. (emphasis added). Rule 16(b)(4)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Williams v. City of Mesa*, 2010 WL 2803880, * 1 (D.Ariz. 2010) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 608. "Good cause" means the scheduling deadlines cannot be met despite party's diligence, citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990). *Id.*

A party demonstrates good cause for modifying a scheduling order by showing that, despite the exercise of due diligence, "[the scheduling order's deadlines] cannot reasonably be met." *Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (holding that party failed to demonstrate good cause where a continuance was requested four months after the scheduling order was issued, and plaintiff was not diligent in complying with the Rule 16 schedule) (citation omitted). If the party seeking a modification of the scheduling order's deadlines did not exercise diligence, then the motion

- 2 -

1 for modification should be denied. *Id.*; also see, *Grissom v. Freeport-McMoran Corp.*, 2010 WL 342585, * (D.Ariz. 2010) (*pro se* plaintiff failed to show that she was unable to meet the expert disclosure deadline through an exercise of reasonable diligence, therefore, motion was denied).

The Ninth Circuit's recent decision in *United States v. Jenkins*, ___ F.3d. ___, 2011 WL 208357 (9th Cir. 2011), a criminal case which also involved a related civil forfeiture claim, affirmed the district court's suspension of the statute of limitations in a forfeiture proceeding to accommodate the MLAT process. The court recognized that the uncontrollable delay involved in collecting critical evidence through an international treaty such MLAT is a valid reason for extending deadlines, including a statute of limitations. *Id.* at 6-9.

The Court finds that the Government's counsel has exercised due diligence in attempting to meet the Rule 16 supplementation and discovery completion deadlines. Good cause exists to grant a second extension of these deadlines. The discovery in Mexico the United States seeks is totally dependent on the MLAT process which is the only procedure which allows the collection of evidence in Mexico by the United States. However, the Court's patience in allowing continued delays in the judicial resolution of this civil forfeiture action is not limitless. This action was filed on August 14, 2008 and will be pending over three years at the time the new discovery completion deadline expires. The parties are forewarned that another extension of the scheduling order's deadlines will not likely be granted.

**IT IS ORDERED** that the parties' joint motion to extend deadlines, doc. 49, is **GRANTED.**

**IT IS FURTHER ORDERED** that the June 11, 2009 Scheduling Order is modified as follows only:

1. Except for impeachment evidence, disclosure of all known witnesses, exhibits and other matters under Rule 26(a)(3), Fed.R.Civ. P. and supplementation of all discovery pursuant to Rule 26(e), Fed.R.Civ. P., shall be made by **Friday**, **July 29, 2011.**

2. Completion of all discovery: **Wednesday, August 31, 2011**.

Dated this 31st day of January, 2011.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge