**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CV-08-1499-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| $93,110.00 in U.S. Currency, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Elsa Bernal, ) | |
| Claimant. ) | |

This matter arises on the Court's review of Plaintiff's Response in Opposition To Motion *In Limine*, filed on December 19, 2011. (Doc. 58)

Plaintiff's Response substantially exceeds the District Court's page limitation of seventeen (17) pages set forth in LRCiv 7.2(e) and violates *three* prior court orders to comply with the District Court's Local Rules. (Docs. 3 at 3; 13 at 1-2; 14 at 1-2)

To ensure that it is not falsely accused of manipulating the record, the Court will direct the Clerk of Court to retain as a part of the record attorney Reid C. Pixler's outrageous, self-serving affidavit, doc. 58-1 at 2-22[1], replete with its inaccurate and blatantly false representations, attacking the personal integrity, character, and impartiality of the

---

[1] Counsel's affidavit was not properly filed in text-searchable format contrary to LRCiv 7.1(c), and the definition of ".pdf," in the District Court's ECF Manual, at I(A), p. 2.

1 undersigned Magistrate Judge. While Plaintiff's motivation to recuse the assigned Judge is
2 clear to mitigate counsel's apparent mismanagement of his client's expert disclosures
3 required by the June 11, 2009 scheduling order and Rule 26, Fed.R.Civ.P., the undersigned
4 will not lessen the dignity of the District Court by responding to the false contents of
5 counsel's affidavit except as follows.

6 At no time in this civil forfeiture case has either counsel requested the presence of a
7 court reporter for several in-chamber's scheduling conferences wherein the parties are
8 represented by counsel and Claimant's Tucson counsel usually appeared by telephone.

9 Glaringly absent from Mr. Pixler's affidavit is a discussion of the Court Reporters Act,
10 28 U.S.C. § 753(b), and the authorities authorizing non-recorded lawyer conferences. Every
11 circuit court addressing the issue, including the Ninth Circuit, has concluded that lawyer
12 conferences in chambers with the court are not in "open court" and their recording is left to
13 the discretion of the court except when requested by a party. *United States v. Hein*, 769 F.2d
14 609, 611 (9th Cir. 1985) (a "[p]retrial chambers conference does not fit within the 'open
15 court' recording requirements of section 753, and the district court did not abuse its
16 discretion under the Act in failing to record the conference when there was no request that
17 it be recorded. . . ."); *United States v. Amico*, 486 F.3d 764, 778 (2nd Cir. 2007) ("[I]t is well
18 settled in other circuits that conferences in chambers are not in "open court" and their
19 recording is left by § 753(b) to the discretion of the district court except when requested by
20 a party. . . ."); *Von Kahl v. United States*, 242 F.3d 783, 792 (8th Cir. 2001) ("As an initial
21 matter, we disagree with Kahl that the in-chambers discussion was required to be transcribed
22 under 28 U.S.C. § 753(b). Recording of criminal proceedings not held in open court is left
23 by § 753 to the discretion of the district court. . . ."); *In re Beard*, 811 F.2d 818, 833 (4th Cir.
24 1987) ("Section 753 does not mandate the recording of all phases of a civil proceeding before
25 the district court. Only those proceedings conducted in open court must be recorded unless
26 the parties agree otherwise. The court may order other proceedings recorded if a party so
27 requests. Proceedings held in chambers need not be stenographically recorded. . . ."); *United*
28 *States v. Jenkins*, 442 F.2d 429, 438 (5th Cir. 1971).

1   All further proceedings in this case will be held in open court on the record.

2   On the Court's own motion,

3   **IT IS ORDERED** that pursuant to LRCiv 83.1(f)(2)(E) and the Court's inherent authority, Plaintiff's Response, doc. 58, to Claimant's Motion *In Limine* Regarding Expert Testimony and Expert Report is hereby **STRICKEN** without prejudice. The Clerk of Court, however, is kindly directed to retain as a part of the record attorney Reid C. Pixler's affidavit, doc. 58-1 at 2-22. Plaintiff may re-file its response in opposition to Claimant's Motion *In Limine*, provided it is re-filed on or before **Monday, January 9, 2012** and shall comply in all aspects with the District Court's Local Rules. Further violations of the District Court's Local Rules or prior court orders by Plaintiff's counsel may result in the imposition of sanctions.

Dated this 28th day of December, 2011.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge